United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBT MEDIA INC., <br><br> Defendant. | Case No. 19-cv-02305-LB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: ECF No. 8 |

## INTRODUCTION

This case involves a collection agency trying to collect on an alleged debt under a contract involving two other entities, one of whom is not a party in this lawsuit. In 2017, non-party Instart Logic, Inc. and defendant IBT Media Inc. entered into a contract. Plaintiff Creditors Adjustment Bureau, Inc. ("CAB"), a collection agency, alleges that IBT owes Instart $658,974.33 under the contract and that Instart assigned its claim to that debt to CAB. CAB brought this action in state court against IBT to collect. IBT removed this action to federal court on the basis of diversity jurisdiction and moved to dismiss, arguing that its contract with Instart prohibits Instart from assigning its rights (to CAB or to anyone else) without IBT's consent, and thus CAB does not have standing to collect. The court can decide the IBT's motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies IBT's motion to dismiss. CAB, as an alleged assignee of Instart, has standing to bring this action.

ORDER – No. 19-cv-02305-LB

# STATEMENT[1]

In January 2017, Instart and IBT entered into a written Master Services Agreement.[2] The Agreement is governed by California law.[3] The parties agreed to two "service orders" under the Agreement, wherein Instart would provide IBT with certain services and IBT would make certain payments.[4] The Agreement stated that:

> Neither party may transfer and assign its rights and obligations under this Agreement without the prior written consent of the other party. Notwithstanding the foregoing, Instart may transfer and assign its rights under this Agreement without consent from the other party in connection with a change in control, acquisition or sale of all or substantially all of its assets.[5]

IBT owes Instart $658,974.33 under the Agreement.[6] IBT has not paid the money it owes to Instart despite demands for payment.[7]

Instart assigned to CAB its claim against IBT for the money owed under the Agreement.[8]

# ANALYSIS

## 1. Governing Law

"Federal Rule of Civil Procedure 17 governs whether or not a party can bring suit." *Gottlieb v. Alphabet Inc.*, No. 5:17-cv-06860-EJD, 2018 WL 2010976, at *2 (N.D. Cal. Apr. 30, 2018) (citing *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986)). "The rule requires that an action 'be prosecuted in the name of the real party in interest.'" *Id.* (quoting Fed. R. Civ. P. 17(a)). "Who or what qualifies as a real party in interest is not defined; 'instead, it allows a federal court

---

[1] Unless otherwise stated, the facts in the Statement are allegations from the complaint and are presumed to be true for the purposes of this order.

[2] Compl. – ECF No. 1-1 at 8 (¶ 19); Compl. Ex. 1 (Agreement) – ECF No. 7.

[3] Compl. Ex 1 (Agreement) – ECF No. 7 at 6 (¶ 8.6).

[4] *Id.* at 9–16.

[5] *Id.* at 6 (¶ 8.2).

[6] Compl. – ECF No. 1-1 at 5 (¶ 2), 6–7 (¶ 10).

[7] *Id.* at 7 (¶ 10).

[8] *Id.* at 5–6 (¶ 4).

to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action.'" *Id.* (internal brackets omitted) (quoting *U-Haul*, 793 F.2d at 1038).

Instart's and IBT's Agreement is governed by California law. "Provisions prohibiting assignment of a contract, or any rights or interests in a contract, are generally valid and enforceable in California." *Id.* (citing *Fluor Corp. v. Super. Ct.*, 61 Cal. 4th 1175, 1189–90 (2015)). "But such restrictions are strictly construed, and California courts have developed a 'distinction between an assignment of a contract and an assignment of the proceeds of the contract.'" *Id.* at *4 (citing *Benton v. Hofmann Plastering Co.*, 207 Cal. App. 2d 61, 67–68 (1962)). "'A provision in a contract or a rule of law against assignment does not preclude the assignment of money due or to become due under the contract or of money damages for the breach of the contract.'" *Id.* (internal brackets omitted) (quoting *Trubowitch v. Riverbank Canning Co.*, 30 Cal. 2d 335, 339 (1947)). Among other things, a contractual provision that prohibits the assigning of the "rights" under a contract "does not forbid the assignment of a cause of action for breach of contract, or the assignment of money damages for a breach of contract, in the absence of circumstances specifying a different intention by the parties." *Id.* (citing Restatement (Second) of Contracts § 322 ("A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested . . . does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation.") (ellipsis in original)); *accord, e.g.*, *SK Networks Co. Ltd. v. Bentley Forbes Holdings, LLC*, No. CV 12-08997 MMM (SHx), 2013 WL 12131715, at *18–19 (C.D. Cal. Nov. 7, 2013) (holding that under California law, contractual provision that "'[n]one of the Parties to [the] Agreement may sell, assign or otherwise transfer any of its rights or obligations hereunder, without the prior written consent of the other Parties hereto'. . . . does not preclude assignment of a cause of action for money damages") (citing *Trubowitch*, 30 Cal. 2d at 339; *Rosencrans v. William S. Lozier, Inc.*, 142 F.2d 118, 124 (9th Cir. 1944); *Shiveley v. Semi-Tropic Land & Water Co.*, 99 Cal. 259, 261 (1893)).

## 2. Application

IBT argues that its Agreement with Instart provides that "[n]either party may transfer and assign its rights and obligations under this Agreement without the prior written consent of the other party."[9] (IBT notes that this provision not only prohibits assignment of the contract but also of all "rights" under the contract.) But as courts have held, a contractual provision prohibiting the assignment of "rights" under the contract does not on its own prohibit the right to assign a claim for damages for a breach of contract. *See, e.g.*, *Gottlieb*, 2018 WL 2010976, at *4; *SK Networks*, 2013 WL 12131715, at *18–19. IBT does not cite any cases that hold to the contrary.[10]

IBT also argues that CAB has not provided sufficient evidence that Instart assigned to CAB its claims for the money owed under the Agreement. IBT cites no cases that hold that CAB needs to provide that evidence at this juncture. *Cf. Kniss v. Booth*, No. SA CV 07-1215 AHS (PJWx), 2010 WL 11506619, at *4 (C.D. Cal. Jan. 4, 2010) (holding that there is no requirement under Federal Rule of Civil Procedure 8 for a plaintiff to provide at the pleading stage all documents proving the assignment of a claim) (citing cases). While CAB ultimately will have to prove that there was a valid assignment to prevail on its claims in the end, a supposed failure to do so at the pleading stage is not a basis for dismissal.

## CONCLUSION

The court denies IBT's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 15, 2019

LAUREL BEELER
United States Magistrate Judge

---

[9] Def. Mot. – ECF No. 8 at 4–5; Def. Reply – ECF No. 19 at 2.

[10] IBT's reliance on *Henkel Corp. v. Hartford Accident and Indemnity Co.*, 29 Cal. 4th 934 (2003) (cited by Def. Reply – ECF No. 19 at 4), *overruled by Fluor*, 61 Cal. 4th 1175, is misplaced. The contractual rights at issue in *Henkel* were the right to defense and indemnity under an insurance contract. *Id.* at 944. The *Henkel* court expressly distinguished those rights from "the assignment of money due or to become due under the contract or of money damages for the breach of contract." *Id.* (internal citations omitted) (quoting *Trubowitch*, 30 Cal. 2d. at 339–40).

ORDER – No. 19-cv-02305-LB 4